IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE:<br><br>DAVID RANDALL SABEY,<br><br>Debtor. | **MEMORANDUM DECISION AND ORDER:**<br>• **AFFIRMING BANKRUPTCY COURT ORDER GRANTING TRUSTEE'S RENEWED MOTION TO APPROVE A SETTLEMENT AGREEMENT WITH CANDACE SABEY AND KARLEEN SABEY AND DENYING MOTION OF BANK OF THE WEST FOR APPROVAL TO RESUME PROSECUTION OF THE PREPETITION LAWSUIT; and**<br>• **MOOTING [26] MOTION SCHEDULING OF ORAL ARGUMENT ON BANK OF THE WEST'S APPEAL**<br><br>Case No. 2:16-cv-822-DN<br><br>District Judge David Nuffer |
| BANK OF THE WEST,<br><br>Appellant,<br><br>v.<br><br>ELIZABETH R. LOVERIDGE, CHAPTER 7 TRUSTEE, *et al.,*<br><br>Appellees. | |

Appellant Bank of the West appeals the order of the United States Bankruptcy Court for the District of Utah that (1) approved the Chapter 7 Trustee's Renewed Motion to Approve a Settlement Agreement with Candace Sabey and Karleen Sabey, and (2) denied the Bank of the West's Motion for Approval to Resume Prosecution of the Prepetition Lawsuit (the "Order"). [1]

---

[1] Notice of Appeal and Statement of Election, Exhibit 1, Order Granting Trustee's Renewed Motion to Approve a Settlement Agreement with Candace Sabey and Karleen Sabey and Denying Motion of Bank of the West for Approval to Resume Prosecution of the Prepetition Lawsuit, docket no. 1-1, filed July 21, 2016.

Bank of the West argues in its brief[2] that the Judge R. Kimball Mosier's ("Judge Mosier") decision, announced in the Findings of Fact and Conclusions of Law[3] that accompanied the Order, is unjust and amounts to an abuse of discretion. The appellees here, the Chapter 7 Trustee Elizabeth Loveridge (the "Trustee"), Candace Sabey, Karleen Sabey, and David Sabey filed briefs in opposition.[4] Bank of the West replied in support[5] and moved to have oral argument.[6]

The supplied briefing has been reviewed and, under the authority provided in DuCivR 7(f), it has been determined that oral argument is not necessary. Because Judge Mosier's decision to approve the settlement was an informed one, based on an objective evaluation of developed facts, he did not abuse his discretion by approving the settlement. The Order is affirmed.

**Contents**
BACKGROUND ........................................................................................................................... 3
DISCUSSION .............................................................................................................................. 5
    The Bankruptcy Judge Made an Informed Decision Under the First Factor Based Upon an Objective Evaluation of the Developed Facts ................................................. 7
    The Bankruptcy Judge Adequately Evaluated the Interests of the Creditors Under the Fourth Factor ...................................................................................................................... 9
    Adequate Factual Findings Support the Bankruptcy Judge's Conclusions Under the Remaining Factors ........................................................................................................... 11
ORDER ...................................................................................................................................... 11

---

[2] Amended Brief of Appellant Bank of the West ("Bank of the West Brief"), docket no. 14, filed November 7, 2016.

[3] Appellant Bank of the West's Exhibits, Exhibit 11, Findings of Fact and Conclusions of Law ("Findings of Fact and Conclusions of Law"), docket 11-4, filed October 17, 2016.

[4] Brief of Appellees Candace Sabey, Karleen Sabey, and David Sabey ("Sabey Brief"), docket no. 15, filed December 5, 2016; Brief of Appellee, Elizabeth R. Loveridge, Chapter 7 Trustee ("Loveridge Brief"), docket no. 17, filed December 5, 2016.

[5] Reply Brief of Appellant Bank of the West ("Reply Brief"), docket no. 24, filed January 6, 2017.

[6] Motion for Scheduling of Oral Argument on Bank of the West's Appeal, docket no. 26, filed August 24, 2017.

**BACKGROUND**

In 2005, David Sabey and his wife Candace worked on an estate plan with an attorney.[7] At the attorney's recommendation, David transferred his one-half interest in the Sabey's home to Candace,[8] making her sole owner of the home. After the conveyance, David continued to live in the home with Candace and both used the home as collateral to obtain a loan.[9] David Sabey also claimed a home-office expense deduction on the joint tax returns that he filed with Candace.[10]

In June 2013, Bank of the West obtained a judgment in federal court (the "Federal Case") against David Sabey in the amount of $509,969.65.[11] In May of the following year, Bank of the West filed suit in the Utah Third District Court (the "State Case") against David and Candace Sabey.[12] Bank of the West sought to recover (1) the one half interest in the Sabey Home that David Sabey had transferred to Candace, and (2) David Sabey's interest in two limited liability companies which had also been transferred.[13] Specifically, Bank of the West's complaint set forth a claim to impose a resulting trust against the residence and to avoid the transfer of Sabey's membership interest in the limited liabilities companies.[14] Bank of the West later filed a Motion to Amend its Complaint in the State Case seeking to add Karleen Sabey, Sabey's mother, as an additional defendant.[15]

---

[7] Findings of Fact and Conclusions of Law at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Bank of the West Brief at 6.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 6–7.

On December 15, 2014, David Sabey filed a chapter 7 bankruptcy petition (the "Bankruptcy Case").[16] The petition stayed the State Case before the state court addressed the Bank of the West's Motion to Amend its Complaint.[17] Two Creditors filed proofs of claims in David Sabey's bankruptcy case: (1) Bank of the West for their Federal Case judgment; and (2) Law Firm Fabian & Clendenin for an amount of $135,734.01.[18] Due to the bankruptcy petition, the appointed Trustee inherited the right to purse Bank of the West's claims in the (then stayed) State Case. On November 5, 2015, Bank of the West filed its Motion for Approval to Resume Prosecution of Prepetition Lawsuit to Recover Property for the Benefit of the Estate in the Bankruptcy Case.[19]

On January 29, 2016, the Trustee filed a Motion to Approve Settlement Agreement in the Bankruptcy Case.[20] The proposed settlement required the Sabeys to pay $100,000 in exchange for a release of all claims by the creditors and the dismissal of the State Case with prejudice.[21] Bank of the West objected[22] and Fabian & Clendenin took no position on the settlement.[23] The Bankruptcy Court took evidence on the Motion to Approve Settlement on March 16 and 22, 2016.[24] Judge Mosier denied the Motion to Approve Settlement without prejudice, and gave the Trustee until April 22, 2016 to filed a renewed Motion.[25] The Trustee timely filed the Renewed

---

[16] Sabey Brief at 7.

[17] Bank of the West Brief at 7.

[18] Sabey Brief at 7.

[19] Bank of the West Brief at 9.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] Findings of Fact and Conclusions of Law at 14.

[24] *Id.* at 1.

[25] *Id.*

4

Motion to Approve Settlement[26] and Bank of the West objected again.[27] Judge Mosier took evidence on May 24, 2016;[28] entered written Findings of Fact and Conclusions of Law on July 14, 2016;[29] and on July 21, 2016 entered the Order approving the settlement and denying Bank of the West motion to proceed with the State Case.[30] Bank of the West then timely appealed.[31]

## DISCUSSION

"The decision to approve a compromise or settlement is within the discretion of the bankruptcy judge."[32] On appeal, the review of the bankruptcy judge's decision to approve the settlement is reviewed under an abuse of discretion standard and that review is limited "to a determination of whether . . . [the bankruptcy judge's] findings are clearly erroneous."[33] The "approval of a compromise, absent a sufficient factual foundation, inherently constitutes an abuse of discretion."[34]

As the Court of Appeals for the Seventh Circuit has observed, a bankruptcy judge "may not simply accept the trustee's word that the settlement is reasonable, nor may he [or she] merely "rubber-stamp" the trustee's proposal.[35]" Instead, "[t]he bankruptcy judge must apprise himself [or herself] of all facts necessary to evaluate the settlement and make an 'informed and

---

[26] *Id.* at 12.

[27] Bank of the West Brief at 21.

[28] Findings of Fact and Conclusions of Law at 2.

[29] *Id.* at 1.

[30] Order at 1.

[31] Notice of Appeal and Statement of Election, docket no. 1, filed July 21, 2016.

[32] *In re Edwards*, 961 F.2d 219 (10th Cir. 1992) (internal citation omitted).

[33] *Id.*

[34] *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

[35] *In re Am. Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987).

independent judgment' about the settlement."[36] Ultimately the bankruptcy judge must make an independent decision that is "an informed one based upon an objective evaluation of developed facts."[37]

When presented with a proposed settlement, the four factors that a bankruptcy judge must consider include: "[1] the probable success of the underlying litigation on the merits, [2] the possible difficulty in collection of a judgment, [3] the complexity and expense of the litigation, and [4] the interests of creditors in deference to their reasonable views."[38] Here, Bank of the West concedes that Judge Mosier applied the relevant four factors in considering whether to approve the proposed settlement.[39] But, in disagreeing with the ultimate outcome, Bank of the West argues that Judge Mosier's reliance on the Trustee's allegedly insufficient analysis of the State Case litigation (under the first factor) and the Trustee's purported lack of deference to Bank of the West's interest as a creditor (under the fourth factor) amounted to an abuse of discretion.[40]

Bank of the West also argues, albeit briefly, that Judge Mosier abused his discretion under the second and third factors.[41] Again Bank of the West focuses on the alleged inadequacies of the Trustee's consideration of these factors. As the majority of Bank of the West's argument focuses on the first and fourth factors, the bankruptcy judge's determinations under those factors will be considered first, followed by review of the remaining factors.

---

[36] *Id.* quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

[37] *Reiss* 881 F.2d at 892.

[38] *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997).

[39] Bank of the West Brief at 28.

[40] *Id*. at 22.

[41] Id. at 35–36.

**The Bankruptcy Judge Made an Informed Decision Under the First Factor
Based Upon an Objective Evaluation of the Developed Facts**

Bank of the West contends that Judge Mosier abused his discretion in the Findings of Fact and Conclusions of law regarding the first factor: the probable success of the underlying litigation on the merits. Although Bank of the West's argument under this factor touches on the fraudulent transfer claim and the claims proposed in their Motion to Amend the State Court Complaint, Bank of the West's primary focus is on the analysis of the resulting trust claim. Specifically, Bank of the West asserts that the bankruptcy judge's analysis of resulting trust claim was based on an "uncritical acceptance" of the Trustee's "superficial analysis" of the claim.[42]

The record does not reflect this. Instead, the Findings of Fact and Conclusions of Law demonstrate that Judge Mosier was *critical* of Trustee's opinion that the applicable statute of limitations might be a defense against a resulting trust claim.[43] Judge Mosier devoted three paragraphs in the Findings of Fact and Conclusions of Law to this issue, ultimately concluding that the "Trustee has placed unnecessary emphasis on the statute of limitations defense[.]"[44]

Nevertheless, Judge Mosier recognized the Trustee's concerns "about ultimately prevailing on a resulting trust claim[,]" determining that these concerns were "very justified."[45] The bankruptcy judge's acceptance of these concerns did not amount to a "rubber-stamp" of the Trustee's proposal. Judge Mosier specifically acknowledged the clear and convincing evidence burden of proof for a plaintiff to prove the transferor's intent at the time of a transfer of an

---

[42] *Id.* at 22.

[43] Findings of Fact and Conclusions of Law at 11.

[44] *Id.*

[45] *Id.*

asset.⁴⁶ And Judge Mosier's conclusion of law that there was a significant chance that the trustee might not prevail on a resulting trust claim was supported by the finding of facts that the conveyance of the home in 2005⁴⁷ was made at the recommendation of an estate planning attorney. Judge Mosier's conclusion is not clearly erroneous.

Bank of the West also argues that Judge Mosier's reliance on the Tenth Circuit Court of Appeals' decision in *In Re Taylor*⁴⁸ as part of the analysis of the resulting trust claim ignored subsequent Tenth Circuit case law.⁴⁹ Bank of the West argues the facts at issue here are more similar to *In Re McGavin*.⁵⁰ The Tenth Circuit determined that evidence that a debtor continued to control property he had previously transferred, and used that property as collateral for various loans, was probative of intent at the time of the transfer of an asset.⁵¹

However, even if Judge Mosier had included this case in his analysis, it is unlikely that it would have changed his ultimate conclusion. Unlike in *McGavin*, where the Debtor obtained several loans, here Bank of the West introduced evidence of two loans: (1) a loan obtained by David Sabey ***prior to*** the transfer of his interest in the home and then paid off post transfer; and (2) a loan obtained by David and Candace Sabey for a joint line of credit which used the home as collateral.⁵² Even taking these loans into account, the facts here still are closer to *Taylor*, where a

---

⁴⁶ *Id*. at 10. ("The proof required to impose a resulting trust must be strong, clear and convincing, such as to leave no doubt as to the existence of the trust, and at it is the intention at the time of the transfer and not at some subsequent time.")

⁴⁷. Findings of Fact and Conclusions of Law at 3.

⁴⁸ 133 F.3d 1336 (10th Cir. 1998).

⁴⁹ Bank of the West Brief at 28–28.

⁵⁰ 189 F.3d 1215 (10th Cir. 1999).

⁵¹ *Id.* at 1218.

⁵² Appellant Bank of the West's Exhibits, Exhibit 7, Transcript of Electronically Recording Hearing on Settlement Before the Honorable R. Kimball Mosier March 15, 2016 at 67–76, docket 11-2, filed October 17, 2016.

husband transferred his interest in a martial home to his wife and then later cosigned with his wife on a loan using the home as collateral.[53]

Bank of the West also argues that David Sabey's continued use of the home as a deduction on tax returns is evidence pertaining to Sabey's intent at the time he transferred his interest in the home to his wife Candace.[54] However, Bank of the West does not cite to any case law where courts have considered this to be evidence bearing on intent in a resulting trust claim. This does not show an abuse of discretion by Judge Mosier

Judge Mosier's legal conclusions as to the resulting trust claim are sound and supported by the appropriate findings of fact. And while the remaining claims in Bank of the West's State Court Complaint and its proposed Amended Complaint were not the focus of Bank of the West's brief, the conclusions of law that Judge Mosier reached as to those claims are also supported by adequate factual findings. Judge Mosier did not abuse his discretion under this first factor.

## The Bankruptcy Judge Adequately Evaluated the Interests of the Creditors Under the Fourth Factor

Bank of the West's opinion of the strength of the resulting trust claim is also a factor in its argument regarding the fourth factor: taking into account the interests of creditors in deference to their reasonable views. Bank of the West contends that that the Trustee—and therefore the Judge Mosier—gave no deference to Bank of the West's desire to proceed with, and to pay for, the State Case. This, according to Bank of the West,[55] amounts to an abuse of discretion under the Tenth Circuit case *Reiss v. Hagmann*.[56]

---

[53] Taylor 133 F.3d at 1339

[54] Bank of the West Brief at 28.

[55] Bank of the West brief at 32–35.

[56] 881 F.2d 890 (10th Cir. 1989).

In *Reiss,* the Tenth Circuit overturned an approved settlement based on an abuse of discretion determination because the bankruptcy court and the trustee failed to perform any legal research or evaluate the facts regarding potential claims for relief.[57] According to the Tenth Circuit, researching the applicable statutes would have led to the conclusion that the chances of the claim's success were "nearly one hundred percent."[58] As previously discussed, the Trustee and the bankruptcy judge determined that the success of the resulting trust claim was not so assured.[59] The case before Judge Mosier was unlike *Reiss*.

Despite this uncertainty, Bank of the West asserts that because it was the largest creditor and it was prepared to fund this litigation, *Reiss* requires disapproval of the settlement.[60] However, the Tenth Circuit has clarified that *Reiss* did not create a per se rule to be readily applied to other cases:

> In *Reiss*, this court reversed the rejection of a settlement where **the only creditor** had offered to pay the costs of a lawsuit upon which rested the only hope of any recovery for disbursement to that creditor. **We did not create a per se rule, however, and in fact we qualified our holding by stating "[a]t least in a case like that at bar."** Id.[61]

While the other creditor, Fabian & Clendenin, did not take a position on the settlement,[62] Judge Mosier was still required to consider the interest of *all the* creditors, particularly in the face of uncertain success on the resulting trust claim. Based on the Findings of Fact and Conclusions of Law, Judge Mosier adequately considered these interests and did not abuse his discretion in approving the settlement.

---

[57] *Id.* at 892.

[58] *Id.*

[59] Finding of Fact and Conclusions of Law at 11, 13.

[60] Bank of the West Brief at 35.

[61] *In re Rich Glob., LLC*, 652 F. App'x 625, 632 (10th Cir. 2016) (quoting *Reiss* 881 F.2d at 893) (emphasis added).

[62] Findings of Fact and Conclusions of Law at 14.

### Adequate Factual Findings Support the Bankruptcy Judge's Conclusions Under the Remaining Factors

As to the other remaining factors—the possible difficulty in collection of a judgment and the complexity and expense of the litigation—Bank of the West's arguments are cursory and unsupported by reference to binding or persuasive case law. Regarding the difficulty in collecting a judgment, Judge Mosier concluded that having to reduce the Sabey's assets to cash so that a judgment could be satisfied might be a complicating factor.[63] And as thoroughly documented above, Judge Mosier determined that the uncertain success of the claims in the State Case might lead to costly and complex litigations.[64] Both of these conclusions regarding the remaining factors are adequately supported by factual findings. Judge Mosier did not abuse his discretion in approving the settlement and his decision will not be disturbed. The Order is affirmed.

### ORDER

IT IS HEREBY ORDERED that Order Granting Trustee's Renewed Motion to Approve a Settlement Agreement with Candace Sabey and Karleen Sabey and Denying Motion of Bank of the West for Approval to Resume Prosecution of the Prepetition Lawsuits[65] is AFFIRMED.

---

[63] Findings of fact conclusions of law at 12–13.

[64] *Id.* at 12.

[65] Notice of Appeal and Statement of Election, Exhibit 1, Order Granting Trustee's Renewed Motion to Approve a Settlement Agreement with Candace Sabey and Karleen Sabey and Denying Motion of Bank of the West for Approval to Resume Prosecution of the Prepetition Lawsuit, <u>docket no. 1-1</u>, filed July 21, 2016.

IT IS FURTHER ORDERED that because oral argument was deemed unnecessary, the pending Motion for Scheduling of Oral Argument on Bank of the West's Appeal[66] is MOOT.

The Clerk is directed to close the case.

Signed March 28, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[66] Motion for Scheduling of Oral Argument on Bank of the West's Appeal, docket no. 26, filed August 24, 2017